**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| VS. § | NO. A-12-CR-230 LY |
| § | |
| § | |
| § | |
| CHARLES RAY ALLEN § | |

## ORDER

This matter came before the Court this date on the Pretrial Services Office's Petition for Action on Conditions of Release, dated July 3, 2012 (Clerk's Doc. No. 20). On May 4, 2012, the undersigned set conditions for the Defendant's release, which included a requirement that Defendant refrain from the use or possession of any narcotic drugs or controlled substances, and that he participate in substance abuse treatment as directed by the Pretrial Services office. The Pretrial Services Office's Petition alleges that on several occasions the Defendant has tested positive for the use of marijuana and cocaine. On June 22, 2012, after the first of these positive results, the Defendant—at the Pretrial Office's direction—began participating in inpatient substance abuse treatment. On June 26, 2012, the Defendant was discharged from the facility, due to the Defendant's extensive medical needs, his inability to refrain from use of pain medication, and his sales of medications to other residents of the facility. Based on these allegations, the undersigned authorized the issuance of a warrant for the Defendant's arrest on July 3, 2012. The Defendant was arrested on July 13, 2012, and has remained in custody pending a hearing on the petition since that date.

On July 23, 2012, a hearing on the Petition was held by the undersigned. The Defendant did not contest the positive results, and did not deny the other allegations of the petition. Rather, he

stated that he was aware of his problems, and that he had created those problems, and requested to be given another opportunity to remain on conditions. He further noted that on June 19, 2012, he entered a plea of guilty to the charge against him, and that the plea was made pursuant to an 11(c)(1)(C) plea agreement in which the Defendant and the Government agreed that the appropriate sentence was a sentence of probation. In asking for a second chance on conditions of release, he thus was requesting an opportunity to demonstrate his ability to succeed on probation prior to his sentencing hearing.

While there are reasons to discount these statements, the Court is willing to permit the Defendant a last opportunity to demonstrate his fitness for probation. Thus, the Court will continue the Defendant on conditions of release, but will modify those conditions to require that the Defendant participate in home confinement with electronic monitoring for the remainder of his release, as follows:

1. The Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; and

2. The Defendant shall submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

Further, the Court directs that the Defendant participate in intensive outpatient substance abuse treatment, with monitoring of his drug use accomplished through use of a sweat patch.

ACCORDINGLY, for the reasons just stated, the Court DENIES the Pretrial Services Office's Petition for Action on Conditions of Pretrial Release (Clerk's Doc. No. 20), and orders that

the Defendant's conditions of release be modified as set forth above. Consistent with this, the Marshal is directed to release the Defendant from custody.

SIGNED this 23rd day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE